**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYREE BOHANNON,** | : | **No. 3:23-CV-1312** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **LIEUTENANT TREVETHAN, and CORRECTIONS OFFICER BERLEW,** | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM

## I. Introduction

On August 7, 2023, Plaintiff Tyree Bohannon, a state inmate proceeding pro se, initiated this civil rights action against Defendants Lieutenant Trevethan, Corrections Officer Berlew, and other prison officials. Doc. 1. Following several years of litigation, a single claim of First Amendment retaliation against Trevethan and Berlew remains. Before the Court is Defendants' motion for summary judgment. Doc. 95, 134–5. The undersigned has jurisdiction pursuant to Title 28, United States Code, Section 636(c)(1). Doc. 73–76.

As set forth below, Bohannon's First Amendment retaliation claim is substantively flawed, as he failed to establish a disputed issue of

material fact by which a reasonable jury could find retaliation for his pursuit of a grievance. Accordingly, judgment is warranted as a matter of law, and the Court grants Defendants' motion for summary judgment and dismisses the remaining claim with prejudice.

## II. Background

### A. Relevant Procedural History

On March 15, 2024, Bohannon filed the operative Amended Complaint. Doc. 36-1. Defendants filed a motion to dismiss in response. Doc. 44. On December 23, 2024, the Court granted Defendants' motion to dismiss in part, leaving Trevethan and Berlew as the sole remaining defendants. Docs. 70–71.

Bohannon's remaining claim against Defendants alleges retaliation in violation of his First Amendment rights under Title 42, United States Code, Section 1983. Specifically, Bohannon alleges that Defendants retaliated against him for submitting grievances. Doc. 36-1. Bohannon seeks monetary damages and transfer to a different penal institution. *Id.* at 25–26.

On July 17, 2025, Defendants moved for summary judgment on Bohannon's remaining claim. Docs. 95, 134–135. After a lengthy series

of revised briefing and extensions requested by both parties, the Court accepted Bohannon's second corrected response to the summary judgment motion, filed on March 11, 2026. Docs 153; 158. Defendants elected to forgo the opportunity to file a reply. Doc. 163. Thus, the motion is ripe for decision.

**B. The Parties' Statements of Material Facts**

On December 22, 2025, Defendants filed their statement of facts and brief in accordance with Local Rule 7.5. Docs. 134–135. Bohannon filed an opposition brief that includes a counterstatement of facts. Doc. 153. He also filed a separate "Counterstatement and/or Objections to Defendants Statement of Material Facts." Doc. 144. Both counterstatements are substantially similar.

Litigants who oppose a motion for summary judgment must file a statement of facts that: (1) directly and correspondingly "respond [] to the numbered paragraphs set forth in the [movant's] statement;" and (2) "include references to the parts of the record that support the statements." M.D. Pa. L. R. 56.1. Absent that opposition, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted[.]" *Id.* And pro se litigants,

like other litigants, must follow the Local Rules. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (establishing that pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.") (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

Although Bohannon's purported counterstatements of facts refer to Defendants' numbered facts, many are advanced without any cited record support. The nonmoving party must identify sufficient facts from the record that show the existence of a genuine issue for trial. *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 524 (E.D. Pa. 2015) (citing *St. Louis v. Morris*, 573 F. Supp. 2d 846, 852 (D. Del. 2008)); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018) ("Bare assertions, conclusory allegations, or suspicions will not suffice." (citation omitted)).

Additionally, many of the facts advanced by Bohannon either do not specifically address Defendants' facts or are legal conclusions that do not manufacture disputed issues of material fact. *Wright v. Ryobi Techs., Inc.*, 175 F. Supp. 3d 439, 456 (E.D. Pa. 2016) (explaining that "[legal] conclusions[ ] . . . do not satisfy [nonmovant]'s obligation to

show[ ] . . . that there are genuine factual issues for trial or his obligation to respond with facts of record that would contradict the facts the mov[ant] identified." (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 321 n.3 (1986)).

Accordingly, the Court deems many of the factual averments presented by Defendants admitted as unopposed and disregards Bohannon's statement to the extent it contains legal conclusions and unsupported factual averments. *See, e.g., United States ex rel. Paranich v. Sorgnard*, 396 F.3d 326, 330 n.5 (3d Cir. 2005) (noting with approval adoption of "facts that were not clearly disputed by [nonmovant] with adequate references to the record." (citation omitted)); *Evans v. Columbia Cnty.*, 711 F. Supp. 3d 256, 278 (M.D. Pa. 2024) ("Where the party asserting a fact has not pointed to record evidence to support the fact, we do not include that fact in the statement of material facts[.]").

### C. Factual Background

The Court draws the factual background from the parties' unopposed statements of facts, and notes any disputes below.

Bohannon is a state inmate currently incarcerated at State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), who

brought this federal action premised on alleged First Amendment retaliation. The record demonstrates that, on or about August 18, 2021, Bohannon asked Trevathan about an unanswered grievance Bohannon filed on June 27, 2021. Doc. 134 ¶ 9. That grievance alleged that two non-party correctional officers violated certain rules of conduct by changing the television station, playing loud music, and retaliating against inmates. *Id.* at ¶¶10–11; Doc. 36-1 at 32. Trevethan found it unacceptable that the grievance was not answered, agreed to address the issue promptly, and left the room with the grievance. Doc. 134 at ¶¶ 12–13.

Bohannon alleges that, per Trevethan's orders, Bohannon was "unlawfully arrested" that same day and placed in the Restricted Housing Unit ("RHU") in retaliation for filing the grievance. Doc. 36-1 at ¶¶16, 56; Doc. 134 at ¶ 14. According to record evidence offered by Defendants, however, Bohannon was placed in the RHU because he was under investigation for a violation of facility rules, creating a need for increased control pending the completion of the investigation. Doc. 134 at ¶ 15. While Bohannon was in the RHU, Trevethan questioned him regarding two gang members. *Id.* at ¶17.

Bohannon alleges that Berlew "was assigned to collect [his] property" on August 19, 2021, and failed to properly take control of his personal items. Doc. 36-1 at ¶17, 48. Bohannon contends some of the confiscated items were not returned to him. Doc. 36-1 at ¶ 20. Bohannon avers that Berlew inappropriately confiscated his property based upon Berlew's completion of a "Confiscated Items Receipt" which inventoried items removed from Bohannon's cell upon his transferred to the RHU. Doc. 134 at ¶ 26. However, the record shows that the relevant items were actually collected by Corrections Officer Gordon. Doc. 134-4 at 2.

On or about August 25, 2021, SCI-Dallas Security Staff released Bohannon from the RHU and returned him to general population. Doc. 36-1 at ¶ 19. Security Staff moved Bohannon from O-Block (Custody Level 2 Housing Unit, Honor Block) to C-Block (Custody Level 4 Housing Unit). *Id.* Bohannon appears to allege that the transfer to a different housing block was unwarranted because there were no changes to his custody level. *Id.*

On September 16, 2021, Bohannon filed two grievances: 1) Grievance No. 946083 and 2) Grievance No. 946257. Doc. 134 at ¶ 29.

In Grievance Number 946083, Bohannon alleged he was moved to a less desirable housing level in retaliation for inquiring about an unanswered grievance. Doc. 36-2 at 17–18. Grievance Number 946257 alleges that he was improperly placed in the RHU in retaliation for asking about the status of the unanswered grievance. Doc. 36-1 at 48–49. A third grievance also dated September 16, 2021, Grievance Number 946023, addresses the confiscation of Bohannon's personal property. Doc. 36-1 at 88–89. This third grievance is not referenced in Defendants' grievance log. Doc. 134-9 at 2.

## III. Discussion

### A. Legal Standard

Summary judgment is appropriate only when record materials, including but not limited to, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007); Fed. R. Civ. P. 56(a), (c)(1)(A). In determining whether a genuine issue of material fact exists, the court must view the evidence "in the light most favorable to

the nonmoving party and must make all reasonable inferences in that party's favor." *Wishkin*, 476 F.3d at 184. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is material only if it "might affect the outcome of the suit under the governing law ...." *Id.* But "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including but not limited to] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* "'[T]he non-moving party must [then] oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'"

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Even where the movant argues that the non-movant has failed to produce sufficient evidence to prevail on a claim at trial, the movant must still satisfy the initial burden of informing the court of the basis for its motion. *Celotex Corp.*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion[.]"). This means that "[w]here the moving party does not have the burden of proof on the relevant issues," and they have pinpointed in their motion "deficiencies in the opponent's evidence" sufficient to show no reasonable jury could return a verdict for the non-movant, they are entitled to "judgment as a matter of law." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990).

## B. First Amendment Retaliation Claim

Bohannon advances a Section 1983 claim against Defendants for retaliation in violation of the First Amendment. Doc. 36-1 at 11–12.

The Civil Rights Act of 1871 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Section 1983 "is not a source of substantive rights but rather a mechanism to vindicate rights afforded by the Constitution or a federal statute." *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir. 2016) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Thus, "the basic cause of action requires that a § 1983 defendant prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citations omitted).

Bohannon claims that his week in the RHU, subsequent transfer to a different cell block, and the confiscation of some of his belongings constitute retaliation in response to his grievances. Doc. 36-1 at ¶¶ 16–20. Defendants aver that Bohannon's claim fails because he does not

offer any evidence showing that either individual defendant took any adverse action against him and, therefore, he cannot demonstrate a causal connection between their actions and a protected activity. Doc. 135 at 14–16.[1] Bohannon disputes Defendants' contentions, but does not offer record evidence sufficient to create a genuine issue of material fact regarding his claims.

A First Amendment retaliation claim requires proof of three elements to establish a prima facie case: (1) that the plaintiff engaged in constitutionally protected conduct; (2) that he suffered an "adverse action at the hands of prison officials . . . sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) that his constitutionally protected activity was "a substantial or motivating factor" in the decision to take adverse action. *Rauser v.*

[1] Trevethan avers that Bohannon failed to exhaust his administrative remedies, by failing to name Trevethan in Grievance Nos. 946083 and 946257. *Id.* at 21–22. The Prison Litigation Reform Act provides that before prisoners file suit in federal court over the conditions of their confinement, they must have first exhausted all "administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). The Court need not address this issue because, as set forth below, Bohannon has not demonstrated a prima facie case of retaliation, but notes that an inmate's failure to specifically identify a defendant may be excused where the facts of the grievance sufficiently notified the prison of the defendant's involvement. *Travillion v. Wetzel*, 765 F. App'x 785, 789 (3d Cir. 2019) (per curiam). Moreover, Grievance No. 946257 appears to simply misspell Trevethan's name, as it describes Bohannon's conversation with "Travis" about the unanswered grievance. Doc. 36-1 at 48.

*Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If a plaintiff establishes a prima facie case, a defendant may still prevail if the plaintiff can establish that he or she "would have made the same decision absent the protected conduct ..." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016); *Iseley v. Dragovich*, 90 F. App'x 577, 581 (3d Cir. 2004).

A prisoner's filing of a grievance or complaint or, alternatively, expressing an intent to do so, constitutes constitutionally protected conduct. *Naranjo v. Walter*, 2023 WL 5928506, at *2 (3d Cir. 2023) (per curiam); *Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Bohannon's prior grievance thus meets that prong, and Defendants do not advance any challenge otherwise. Doc. 135 at 12, n. 2.

Regarding the adverse action element, the Court previously held in denying Defendants' motion to dismiss the retaliation claim that Bohannon's allegations concerning his placement in the RHU, the subsequent change to his housing unit, and the confiscation of his personal property were sufficient to satisfy the adverse action prong of a prima facie retaliation claim at the pleading stage. Doc. 70 at 23–24.

These facts remain unchanged at the summary judgment stage.[2] Viewing the record in Bohannon's favor, he meets the second prong of his retaliation claims.

A review of the record, however, concludes that, even when viewing the evidence in the light most favorable to Bohannon and construing all inferences in his favor, *Wishkin*, 476 F.3d at 184, a reasonable jury could not find a causal connection between his constitutionally protected activity and those adverse actions for these defendants. Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

Here, Bohannon fails to establish that either Trevethan or Berlew were individually responsible for the alleged adverse actions. The Court acknowledges the temporal proximity between Bohannon's and

---

[2] Defendants now contend that property confiscation is not an adverse action because seizure of commissary items is not an adverse action as a matter of law, citing *Potter v. Fraser*, 2011 WL 2446642 at *8 (D.N.J. 2011). Defendants also aver that some of the relevant items were altered. Doc. 135 at 15–16. However, Defendants neither show or even argue that *all* the relevant items were commissary items or altered, nor offer reason to disturb the Court's existing ruling.

Trevathan's discussion of the unanswered grievance and Bohannon's transfer to RHU that same day, and his subsequent transfer to a different block upon release from the RHU. Nevertheless, "it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn." *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 178 (3d Cir. 1997).

Bohannon offers no evidence to support his contention that Trevethan was the officer who "ordered/authorized the placement of Plaintiff into the RHU in retaliation for filing/attempting to receive an answer to said Grievance." Doc. 153 at 6; 13. Indeed, Defendants' record evidence shows that Bohannon was placed in the RHU at the direction of the SCI-Dallas Superintendent. Docs. 134 at ¶ 14; 36-1 at 53; 134-3 at 10. Bohannon likewise offers to record evidence in support of his contention that Trevethan "relayed to Plaintiff that He would not be returning to O-Block," much less caused that transfer. *Id.* And again, Defendants identify record evidence that the SCI-Dallas Program Review Committee, which does not include either defendant, dictated Bohannon's block transfer. Docs. 134 at ¶ 20; 36-1 at 54; 134-3 at 10.

A similar analysis applies to the confiscated items. Bohannon offers no record evidence supporting his contentions that "[i]t was Defendant Berlew who searched/inventoried and/or collected Plaintiff's Property," and "misplaced/damaged and/or threw away Plaintiff's property." Doc. 153 at 7, 13–14.[3] Again, Defendants produced evidence that although Berlew prepared an inventory of the confiscated items, Officer Gordon performed the actual confiscation, *i.e.*, the alleged adverse action. Docs. 135 at 15; 134 at ¶¶ 24–25; 134-4 at 2; 134-6 at 2.

As Bohannon does not offer any record evidence that either defendant actually performed the alleged adverse actions in response to his protected activity, he fails to demonstrate a genuine issue of material fact regarding causation.[4] Accordingly, the undersigned grants summary judgment in Defendants' favor on Bohannon's Section 1983 retaliation claim brought pursuant to the First Amendment.

---

[3] Bohannon asserts that Berlew "searched/inventoried and/or collected" his property based upon a comparison of the receipt he received and the one his cellmate Hofman received. Doc. 153 at 7–8. Bohannon does not explain why that difference supports his argument or how it rebuts Defendants' evidence of record.

[4] Even if Bohannon had demonstrated a prima facia retaliation case, summary judgment is appropriate if Defendants can establish legitimate penological reasons for the relevant actions. This is often called the "same decision" defense. *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). The Court need not engage in this analysis, because Bohannon failed to establish a prima facie case.

## IV. Conclusion

For the reasons set forth above, Defendants' motion for summary judgment (Doc. 95) is **GRANTED** and all remaining claims are **DISMISSED WITH PREJUDICE**. A separate Order shall be issued.

Date: September 21, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge